IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:08 CR 417 |
| Plaintiff, | SENTENCING MEMORANDUM |
| -vs- | JUDGE JACK ZOUHARY |
| Daniel Szymanski, | |
| Defendant. | |

**INTRODUCTION**

Child pornography is one of the fastest growing areas of prosecution by the Justice Department. Child pornography offenses are serious, and many child victims will never live a normal life. These crimes now appear regularly on federal court dockets. Law enforcement teams are policing the internet and catching people who have the false impression their habit is personal, harmless, and anonymous. For the federal courts, these child pornography cases are raising a number of issues, including the severity of the prison terms, which often carry mandatory minimum sentences usually reserved for violent felons in gun cases and major drug dealers. These cases become especially difficult at sentencings as judges often balance a defendant who has no previous criminal history and who is an otherwise productive member of the community, against truly disgusting images where even a passive viewer contributes to the mistreatment of these children.

Recent articles have discussed this dilemma facing judges. As a *Wall Street Journal* article asked: "Are people who download and view child pornography -- but aren't themselves molesters --

as much of a threat to society as rapist or murderers?" Amir Erfati, *Making Punishment Fit the Most Offensive Crimes*, WALL ST. J., Oct. 23, 2008. The average federal prison sentence for individuals who possess, receive or share child pornography jumped to seven years in 2006, up from three years in 1994. *Id.*

A founder of the John Hopkins Sexual Disorder Clinic notes that many of his patients have a voyeuristic interest in child pornography, but beyond viewing they are not at a heightened risk of physically abusing a child. *Id.* Some believe the tough sentences in child pornography are punishing a defendant for something they have not yet done -- and likely may never do. Under the Guidelines, some of the recommended sentences for viewers can, with enhancements, be higher than those for actual predators.

Enhanced lengthy sentences for those convicted of child pornography come at a time when the federal prison population exceeds the system's capacity. *See* Statement of Harley Lappin, Director of Bureau of Prisons, to the House of Representatives Appropriations Committee (Mar. 12, 2008) (*available* at 2008 WL 715683) ("Currently we are at 37 percent above rated capacity in Federal prisons of all security levels."). The increased sentences are also occurring at a time when the average annual cost of incarceration for federal inmates, based on fiscal year 2007 statistics, is $24,922 per inmate. Notice of Annual Determination of Average Cost of Incarceration, 73 Fed. Reg. 33853-01 (Jun. 13, 2008). Furthermore, the Bureau of Prisons predicts the inmate population will continue to increase with a net growth of 5,000 to 7,000 inmates per year. Lappin Statement, *supra*.

The specific question raised in the instant case is whether this Court can sentence Defendant below the mandatory minimum of five years, or stated differently, whether the mandatory minimum is grossly disproportionate to the crime. A district court is not authorized to sentence a defendant

below the statutory mandatory minimum unless the Government files a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, or a defendant falls within the safety valve of 18 U.S.C. § 3553(f). However, neither of these "outs" are available in a child pornography case under 18 U.S.C. § 2252.

### SENTENCING GUIDELINES AND § 3553(A) FACTORS

The challenge in this case, like all cases, is to determine a fair sentence that is sufficient but not great than necessary. A sentence that is too lenient deprecates the seriousness of the crime and fails to promote respect for the law. At the other extreme, a sentence that is too severe is unjust and also fails to promote respect for the law.

We start with the general agreement that crimes involving the possession, receipt and distribution of child pornography are serious. Congress has correctly found that harm to young children depicted in child pornography has "a substantial and detrimental effect on society as a whole." Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, 120 Stat. 587, Sec. 501(1)(A) (2006).

In the instant case, however, Defendant was not involved in the actual production of child pornography and has not sexually abused any child. Further, he did not financially contribute to the production because he did not pay for such materials.

Many defendants who access child pornography on their computer do not appreciate the magnitude of the crime being committed or the risk of getting caught. Computer technology has made this material readily available in the presumed privacy of one's home -- removing substantial impediments to obtaining such material that previously existed. No longer must a person travel to

some shady bookstore. Rather, there is easy availability at no cost with the click of a mouse cloaked in the anonymity and secrecy of your own home.

Nevertheless, Congress has expressed the view that "every instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse." *Id.* at Sec. 501(2)(D). Therefore, even where distribution of child pornography is not for monetary gain or sent to children, it is an aggravating factor that courts must consider. Usually, the question presented in these cases is whether a sentence in excess of the mandatory minimum of five years is justified. Recent statistics from the Northern District of Ohio reflect that of nearly 150 cases, approximately 60% of sentences are within the Guidelines and 40% below the Guidelines (Doc. No. 21, Ex. B). *See also United States v. Grober*, 595 F. Supp. 2d 382, 398 (D.N.J. 2008) (noting that judges often vary downward in child pornography cases not because a given case is atypical but rather because judges deem the base offense level too harsh).

Two factors in this case, that are present in almost all child pornography cases -- operate as enhancements to increase the Guidelines range (70 months minimum) above the statutory mandatory minimum (60 months), even for first-time offenders: use of a computer[1] (PSR ¶ 24) and number of depictions (PSR ¶ 25)). For this reason alone, the Guidelines do not deserve controlling weight. *See Grober*, 595 F. Supp. 2d at 397 (finding that many of the "offense characteristics" in § 2G2.2 are "not genuine aggravating factors" but rather are characteristics "inherent in just about any downloading offense" such that using them as enhancements is "irrational"). Rather, the more general sentencing factors set forth in 18 U.S.C. § 3553(a) trump the Guidelines.

---

[1] The Application Notes do not indicate why obtaining images via a computer as opposed to the mail should be punished more harshly.

4

**JUSTIFICATION OF DOWNWARD VARIANCE**

There are a number of factors in this case which justify a downward variance from the Guidelines minimum of 70 months. Defendant's family characteristics (PSR ¶¶ 42-43, 47-50); the lack of any reported history of complaints or crimes; no suspicion of similar offenses -- a search of records with the Lucas County Child Protective Service found nothing; his positive conduct in assisting extended family members with their health problems; support expressed by his current therapist Dr. Eric Nicely, as well as letters of support from life-long friends and from Father Singler of Rosary Cathedral where Defendant worked as a custodian following his 30-year tenure as a factory worker. In short, this Court is convinced that this Defendant poses no threat or danger to society.

His cooperation both before and after his arrest also support his genuine remorse. This is a person who has shown by his prior conduct that he is not in need of incarceration to prevent him from engaging in criminal conduct. But for this offense, his life has been predominantly law abiding. An individual with a low risk of recidivism does not need a lengthy incarceration for the protection of the public. This point is underscored in this case where Defendant quit viewing the child pornography long before he was caught; cooperated fully with authorities; would be considered for continued employment at the Rosary Cathedral even with the guilty plea to this offense but for the legal prohibition; and his psychiatrist found him "[n]o threat to the public whatsoever."

The mandatory minimum of five years is not a proverbial "slap on the wrist," especially for someone who has never spent a day in jail and with no history of violence or assaultive conduct, who discontinued this criminal conduct *before* any investigation focused on him, who viewed 33 images (a relatively small number) when he was suffering from medical problems, and who voluntarily provided much of the evidence used to prosecute him. Defendant will also have the life altering

5

consequences of probation and reporting that naturally flows from a conviction for this sex offense.

When this Court weighs these individual considerations, the Guidelines produce a sentence range that is not reflective of what Defendant did. Therefore, it is appropriate in the exercise of discretion, to impose a downward variance.

The Sixth Circuit in *United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008), affirmed a substantial downward variance for reasons similar to those found in the instant case. *See also United States v. Beach*, 275 F. App'x 529, 532-35 (6th Cir. 2008) (affirming district court's sentence of 96 months for defendant convicted of transporting and receiving child pornography where applicable Guidelines range was 210-240 months). Here, like *Grossman*, the Guidelines produce a calculation that is both unfair and not reflective of what Defendant did. Our job is to arrive at a fair sentence -- one that is sufficient, but not greater than necessary "to comply with 18 U.S.C. § 3553(a)."

## HOW LOW CAN THIS COURT GO?

Defendant offers several arguments for sentencing below the five-year mandatory minimum set forth in 18 U.S.C. § 2252(b)(1). Five years is the mandatory minimum for every defendant convicted of receiving child pornography, regardless of the sentencing factors in 18 U.S.C. § 3553(a).

Defendant raises several constitutional arguments against the application of the mandatory minimum. The primary argument rests on the Sixth Amendment to the U.S. Constitution and alleges:

- The mandatory minimum under Section 2252 is inconsistent with Section 3553 as interpreted by the Supreme Court in *Booker*; and

- Receipt of child pornography carries a mandatory minimum of five years but the possession of child pornography has no mandatory minimum and yet there is "scant difference" between the two statutes.

The Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005) held that the Sentencing Guidelines are advisory, not mandatory, and that district courts have discretion in fashioning a

6

sentence under 18 U.S.C. § 3553(a). The later cases of *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), *Gall v. United States*, 128 S. Ct. 586 (2007), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007) confirm that district courts have flexibility and discretion to fashion an appropriate sentence based on the individual facts of a given case.

Defendant argues that the mandatory minimum sentencing scheme of § 2252(b) conflicts with the Court's mandate to fashion a sentence under § 3553(a). It appears the Sixth Circuit has not yet evaluated the potential conflict between mandatory minimum sentences and the factors under § 3553(a) through the lens of the Supreme Court's decision in *Booker* and its progeny. This conflict is important because, in this case, the Court finds that the mandatory minimum exceeds a fair and just sentence that is sufficient but not greater than necessary to comply with § 3553(a).

The mandatory minimum as applied in this case handcuffs the Court in considering the relevant factors necessary for imposing a just sentence. The mandatory minimum resists the direction of *Gall*: namely, that sentencing options are "significantly broadened" as dictated by the facts of the case and requiring an "individualized assessment" of the defendant, rejecting mathematical proof for a more flexible exercise in judgment. As a consequence, the mandatory minimum directly conflicts with the goal of unwarranted sentencing disparities. (See Doc. No. 21, Ex. B.)

The problem is especially apparent in a case like this where the differences between the receipt of child pornography and the possession of child pornography is a distinction without a difference. Yet one carries a mandatory minimum of five years while the other has none. Conduct which could apply to either statute necessarily results in the potential for gross disparities in sentences.

The Sixth Circuit in *United States v. Farrelly*, 389 F.3d 649, 657 (6th Cir. 2004) (*superseded on other grounds as stated in United States v. Williams*, 411 F.3d 675, 678 n. 1 (6th Cir. 2005)), noted

that "every possession necessarily involves a receipt." *See also United States v. Miller*, 527 F.3d 54, 73 (3rd Cir. 2008) (possession is a lesser-included offense of receiving child pornography); *United States v. Davenport*, 519 F.3d 940, 943-44 (9th Cir. 2008) (conviction for receipt and possession of child pornography constitutes double jeopardy); *United States v. Romm*, 455 F.3d 990, 998 (9th Cir. 2006); *United States v. Perez*, 247 F. Supp. 2d 459, 484 n. 12 (S.D.N.Y. 2003).

Other circuits have addressed the similarity between § 2252(a)(4)(B) (possession of child pornography) and § 2252(a)(2) (receipt of child pornography) and have held that the former is a lesser-included offense of the latter "because receiving an item necessitates taking possession of it." *See United States v. Polouizzi*, Case No. 08-1830, ___F.3d___, 2009 WL 1098796, at *14, (2d Cir. Apr. 24, 2009). In other words, a defendant cannot be convicted of both receipt and possession under § 2252(a) without violating the Double Jeopardy Clause. *See Miller*, 527 F.3d at 71-72; *Davenport*, 519 F.3d at 943-44.

This tension between possession and receipt effectively places in the prosecutor the ability to determine the defendant's sentence, a role reserved for the judiciary. In short, a prosecutor through a charging decision controls the sentencing range in cases involving the possession and/or receipt of child pornography. This Court believes the Sixth Circuit should determine, at least in this context, whether mandatory minimum sentences violate the separation of powers since the advent of *Booker* and is progeny.

## CONCLUSION

Despite the compelling argument that the mandatory minimum sentence impermissibly infringes on the judicial branch's mandate to fashion an adequate sentence for each defendant under § 3553(a), this Court finds it is not presently in a position to make such a declaration. Case law in this

Circuit and elsewhere is silent on the issue. Therefore, this Court believes it is statutorily bound to impose a sentence of 60 months, and it does sentence Defendant to 60 months incarceration, while emphasizing that this Court finds such term exceeds a fair and just sentence that is sufficient but not greater than necessary to comply with the statutory mandate of § 3553(a) and recent U.S. Supreme Court directives.

Finally, this Court finds the mandatory minimum statute does not violate the Eighth Amendment or the Equal Protection Clause. A sentence is not cruel and unusual under the Eighth Amendment "simply because it is mandatory." *United States v. Wimbley*, 553 F.3d 455, 463 (6th Cir. 2009) (*citing Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991)). Furthermore, the Sixth Circuit has held that "only an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Here, while this Court finds Defendant's sentence is greater than necessary to comply with § 3553(a), it also finds that the punishment is not so extremely disparate so as to raise Eighth Amendment concerns. With respect to Defendant's Equal Protection Clause argument, the Court finds that § 2252(b) does pass the minimal rational basis test under which challenges, not based on a fundamental right or a suspect classification, are reviewed. *United States v. Baker*, 197 F.3d 211, 216 (6th Cir. 1999). The statute is rationally related to the legitimate government interest in deterring the production and dissemination of child pornography.

This Memorandum supplements the Sentencing Hearing held on April 27, 2009.

IT IS SO ORDERED.

                                                      s/ *Jack Zouhary*
                                                      JACK ZOUHARY
                                                      U. S. DISTRICT JUDGE

                                                      April 30, 2009