IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                     Case No. 3:08 CR 417

              Plaintiff,          ORDER RE: RELEASE
                           PENDING APPEAL

     -vs-
                                 JUDGE JACK ZOUHARY

Daniel Szymanski,

              Defendant.

This Order supplements the Sentencing Hearing held on April 27, 2009 where Defendant was sentenced to five years imprisonment.

A defendant can be released pending appeal under 18 U.S.C. § 3145(c) if the Court finds "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  Section 3145(c) provides:

> Appeal from a release or detention order.  -- An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly.  A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

This Court acknowledges there appears to be a split among district courts within the Sixth Circuit on the issue of whether the narrow discretion for release provided in § 3145(c) applies to district courts at all or whether it applies only to courts of appeals.  *See United States v. Cochran*, No. 1:09 CR 32, 2009 WL 385577, at *2-8 (N.D. Ohio Feb. 13, 2009) (discussing the split and finding

§ 3145(c) does not apply to district courts).  This Court, however, finds persuasive the Sixth Circuit's opinion in *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002).  Furthermore the six appellate courts which have issued published opinions on the issue have agreed that § 3145(c) applies to district courts.  *See Cochran*, 2009 WL 385577, at *2 (listing the published opinions).

Under § 3145(c), this Court must find first, by clear and convincing evidence, that Defendant otherwise meets the requirements of § 3143(b)(1) -- that is (1) Defendant is not likely to flee or pose a danger; and (2) the appeal is not for delay and raises substantial questions of law and fact.  After making this preliminary finding, this Court must find that "exceptional reasons" exist that warrant release pending appeal.  Because this is a case-by-case determination, there are no hard-and-fast rules. *See United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991) (defining "exceptional reasons" as a "unique combination of circumstances giving rise to situations that are out of the ordinary").

The Sixth Circuit provides limited guidance on what constitutes "exceptional reasons."  In *Cook*, the court simply affirmed the district court's finding that cooperation with the government and hardship to family and business associates did not constitute "exceptional reasons."  42 F. App'x at 804.  It provided no further guidance on factors district courts should consider in determining whether a defendant has demonstrated exceptional reasons under § 3145(c).

The Ninth Circuit takes the view that, because Congress did not define "exceptional reasons" in the statute, district courts have broad discretion "to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.' " *United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003) (quoted case omitted).

Placing no limit on the range of matters to be considered, the Ninth Circuit instructed its district courts to "examine the totality of the circumstances and, on the basis of that examination,

determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending [sentencing or] appeal) it would be unreasonable to incarcerate the defendant prior to" the sentencing or resolution of the appeal.  *Id.* at 1019.  Some of the factors which may be considered alone or in combination with others are: the aberrational nature of defendant's conduct, an exceptionally low risk of danger in combination with an aberrational act, the nature of the violent act itself, the length of the expected prison sentence, defendant's unusual cooperation with the government, a sufficiently serious illness or injury of defendant, and the  nature of defendant's arguments on appeal. *Id.* at 1019-1022.

In the instant case, this Court finds that Szymanski meets the § 3143(b)(1) requirements: (1) he is not likely to flee and does not pose a threat to the community (he has complied with the terms of his supervised release and his crime did not involve actual contact with a person); and (2) his appeal raises substantial questions of law (as explained more thoroughly in this Court's Sentencing Memorandum) and is not for purposes of delay.

Turning to the § 3145(c) "exceptional reasons," the following supports such a finding (based on some of the factors identified by the Ninth Circuit in *Garcia*):

- Szymanski's arguments on appeal raise important constitutional questions that the Sixth Circuit needs to resolve.  "If one or more issues raised on appeal has not previously been decided by the court to which [defendant] will appeal, that may, in at least some cases, also weigh in favor of finding exceptional reasons." *Garcia*, 340 F.3d at 1020-21.

- Szymanski cooperated fully with the Government.  He admitted his guilt immediately and enabled further investigation.

3

- Szymanski poses an exceptionally low risk of danger to the community.  He has no history of crime.  The instant offense did not involve any sort of confrontation with a child.  He has no prior history of child abuse.  He stopped viewing such images a substantial time prior to the FBI discovering the images.  Dr. Eric Nicely, his psychologist, found Szymanski "no risk to others."

- All indications are that this is an aberrational act for Szymanski.  Dr. Nicely believes this was a one-time out-of-character incident, precipitated by large quantities of pain medications Szymanski was taking for a series of medical conditions.  He has been a good citizen with no criminal history (except for a fine for marijuana use thirty years ago) and had been gainfully employed.  Furthermore, he now serves as care giver for his wife and mother-in-law.

- The length of the expected prison sentence (60 months) is disproportionate to the crime under these circumstances.  This Court believes 60 months is an inadequate proxy for the seriousness of *this* crime.

For the above reasons, as well as those expressed at the Sentencing Hearing and in the other post-hearing Orders which detail the reasons for a downward variance, this Court finds it appropriate under the circumstances of this case to stay execution of the sentence pending appeal.  Defense counsel shall notify this Court upon the conclusion of all appeals at which time Defendant shall report either to the Marshals for service of his sentence or to this Court for resentencing.

IT IS SO ORDERED.


_____s/ Jack Zouhary_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 30, 2009

4